**SIGNED THIS: June 15, 2022**

_____
**Mary P. Gorman
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 21-90618 |
| KIMBERLY JO STEINKE, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

## O P I N I O N

Before the Court is the Trustee's objection to the Debtor's amended claim of exemption in a portion of her ex-husband's retirement account awarded to her in a dissolution of marriage. For the reasons set forth herein, the Trustee's objection will be denied.

### I. Factual and Procedural Background

Kimberly Jo Steinke ("Debtor") filed her voluntary Chapter 7 petition on December 21, 2021. Relevant to the issues here, she scheduled ownership of

-1-

"Annuity: Interest in ex-husband's retirement account (not yet allocated from divorce)." She valued her interest as "Unknown" and claimed her interest in the retirement account as exempt in the amount of "$0.00." Roger Prillaman was appointed as the case trustee ("Trustee") and objected to the Debtor's claim of exemption, stating that he was unsure how to interpret the exemption claim of "$0.00." He also objected to the claimed exemption because the judgment of dissolution awarded the Debtor the retirement funds "to pay off her credit card debt." The Trustee asserted that, because the parties contemplated that the funds would not remain in an exempt account but rather would be used to pay debt, the exemption should be disallowed.

A briefing schedule was initially set on the exemption issue. After reviewing the briefs of the parties, this Court entered an order giving the Debtor time to amend her exemption to actually claim the retirement funds as exempt in whole or part. This Court found that claiming an exemption of $0.00 was "the equivalent of not claiming any exemption at all." No justiciable legal issue was raised by an exemption claim of $0.00. Thereafter, the Debtor filed an amended claim of exemptions, claiming $75,000 of the retirement funds exempt under Illinois law. The Trustee renewed his objection.

The Trustee's objection stems from the Agreed Judgment of Dissolution of Marriage ("Judgment of Dissolution") entered on February 1, 2021, in the Circuit Court of Kankakee County, Illinois, dissolving the marriage of the

Debtor and her now ex-husband, Jeffrey Steinke.[1] The Judgment of Dissolution provided for the disposition of the parties' property and the allocation of their debts. The Debtor was awarded $75,000 from one of her ex-husband's retirement accounts, her vehicle, personal property in her possession, and the bank accounts held in her name. Her ex-husband was awarded several parcels of real estate, the remainder of his retirement accounts, his vehicle, personal property in his possession, and bank accounts held in his name. Each party was granted the right to dispose of the property awarded to them as they saw fit "without restriction or limitation whatsoever."

The Debtor's ex-husband agreed to be solely responsible for the mortgage debt on the real estate awarded to him and took his vehicle subject to any outstanding debt. He also agreed to pay the Debtor's Care Credit bill in the amount of $4,982.30 and to be responsible for all other debt in his own name. The Debtor took her vehicle subject to any debt against it and would be responsible for all debt in her name.

The Trustee relies in his objection on the specific provision in the Judgment of Dissolution that dealt with the allocation of retirement funds. That provision says, in part: "The Respondent shall receive $75,000.00 from the Petitioner's Lake County Plasters and Cement Mason Retirement Savings Plan to pay off her credit card debt. This shall be accomplished by way of a Qualified Domestic Relations Order." In addition to the $75,000 from the retirement account, the provision also required the Debtor's ex-husband to pay

---

[1] The case was captioned: In re the Marriage of: Jeffrey P. Steinke, Petitioner, v. Kimberly J. Steinke, Respondent, case #21-D-8.

-3-

her an additional amount up to $22,500 in monthly installments of $375 to cover the potential tax consequences of cashing out the retirement funds. When this case was filed, the Qualified Domestic Relations Order ("QDRO") had not yet been entered and the funds had therefore not yet been formally segregated into a separate account for the Debtor.

The Trustee asks the Court to find that the Debtor was ordered in the Judgment of Dissolution to pay her credit cards with the retirement funds and that the provision is mandatory and enforceable by him. The Debtor points out that the language in the Judgment of Dissolution does not require her to pay any particular debt at any particular time. She also asserts that just because the parties contemplated that the Debtor would withdraw some of the retirement funds at some point to pay bills, it does not change the exempt status of the retirement funds when she filed this case. The issue has been fully briefed and is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Matters involving the exemption of property from a bankruptcy estate are core proceedings. 28 U.S.C. §157(b)(2)(B). This matter arises from the Debtor's bankruptcy itself and from the provisions of the

Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

### III. Legal Analysis

A bankruptcy estate "is comprised of . . . all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a). The Supreme Court has explained that it is the date of filing when "the status and rights of the bankrupt, the creditors and the trustee . . . are fixed." *White v. Stump*, 266 U.S. 310, 313 (1924); *see also Owen v. Owen*, 500 U.S. 305, 314 n.6 (1991). This so-called "snapshot" rule applies not only to the determination of property of the estate but also to the determination of exemption rights. *In re Lantz*, 446 B.R. 850, 858 (Bankr. N.D. Ill. 2011); *In re Oaks*, 2004 WL 950725, at *1 (Bankr. C.D. Ill. Apr. 26, 2004) (Perkins, J.). With limited exceptions, developments occurring after filing do not impact a debtor's right to an exemption properly claimed at filing. *In re Awayda*, 574 B.R. 692, 695 (Bankr. C.D. Ill. 2017) (citing *In re Snowden*, 386 B.R. 730, 734 (Bankr. C.D. Ill. 2008)).

The Debtor based her claim of exemption on the Illinois exemption for retirement plans that provides, in part: "A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts[.]" 735 ILCS 5/12-1006(a). The exemption

is broad and, like all of the Illinois exemptions, should be construed liberally to further a debtor's fresh start. *In re Ellis*, 274 B.R. 782, 788 (Bankr. S.D. Ill. 2002).

It is not disputed that, when the Debtor filed this case, she had been awarded $75,000 from one of her ex-husband's retirement accounts and that the Judgment of Dissolution making that award was a final order. Without question, even though the QDRO had not yet been entered when this case was filed, the Debtor's rights in the retirement funds had been fixed by that final order. *In re Thorpe*, 881 F.3d 536, 540 (7th Cir. 2018) (spouse's contingent interest in marital property "ripens into a full ownership interest" upon division by divorce court). The Trustee's suggestion that the Debtor did not have an interest in the retirement funds at the time of filing but "merely a claim for equitable distribution" is not correct. The division of property had been made in a manner that bound the Debtor, her ex-husband, and the Trustee. And in any event, the exemption statute covers all interests in retirement funds, including the right to receive distributions in the future. 735 ILCS 5/12-1006.

Also important, the absence of a finalized QDRO does not change the Debtor's right to the exemption. A QDRO "creates or recognizes the existence of an alternate payee's right to . . . receive all or a portion of the benefits payable with respect to a participant under a plan[.]" 26 U.S.C. §414(p)(1)(A). The QDRO is necessary to complete the separation of the Debtor's funds from the balance of her ex-husband's funds, but the finality of the division for purposes of determining her rights in this case occurred when the Judgment of

Dissolution was entered. *Thorpe*, 881 F.3d at 540. And even if the QDRO had been entered, it would have resulted only in the separation of the funds on the books and records of the retirement fund; it would not, in and of itself, have resulted in a withdrawal of the funds by the Debtor. Retirement funds allocated in a dissolution of marriage are properly claimed as exempt under the Illinois exemption statute. *In re West*, 507 B.R. 252, 259 (Bankr. N.D. Ill. 2014); *In re Lummer*, 219 B.R. 510, 512 (Bankr. S.D. Ill. 1998). The Trustee makes no credible claim otherwise.

The above analysis should end the inquiry, but the Trustee insists that, because the Debtor and her ex-husband expected that the Debtor would withdraw the funds to pay debts, she has an obligation to do so and must lose her exemption in the process. Bankruptcy courts do not have authority or discretion, however, "to grant or withhold exemptions based on whatever considerations they deem appropriate." *Law v. Siegel*, 571 U.S. 415, 423 (2014). A bankruptcy court may not deny a debtor's claim of exemption "absent a valid statutory basis for doing so." *Id.* at 424. Here, the Illinois exemption statute does not condition its applicability on the intent of a debtor to maintain the retirement funds in an exempt account for any particular amount of time or to actually use the funds for retirement purposes. 735 ILCS 5/12-1006(a). The Trustee points to nothing in the exemption statute that supports his position, and, absent such statutory authority, this Court cannot deny the claimed exemption. *Law*, 571 U.S. at 424.

Further, the Court disagrees that the Judgment of Dissolution required the Debtor to use the retirement funds to pay her debts. The Judgment of Dissolution says that the funds "shall" be allocated to her and that the allocation "shall" be accomplished through a QDRO. But the reference to the use of the funds to pay debts contains no such mandatory language. No specific creditors are identified, no amounts of debt are specified, and no terms, dates, or deadlines for payments are set forth. The Debtor accepted responsibility for her debts in the Judgment of Dissolution but did not waive her rights to settle the debts for less than full value, to raise defenses to enforcement or collection of the debts, or to file bankruptcy and discharge the debts. Illinois law makes clear that a dissolution of marriage and the resulting allocation of marital property and debts between spouses cannot impair the contractual rights of third parties. *Kujawinski v. Kujawinski*, 71 Ill. 2d 563, 574 (1978). A corollary to that principle is that the dissolution and allocation of property and debts between spouses also does not serve to enhance the rights of third parties. Creditors did not obtain any right to resist the Debtor's bankruptcy or her claim of exemption by reason of the terms of the Judgment of Dissolution. Likewise, the Judgment of Dissolution provides no basis for the Trustee's objection.

## IV. Conclusion

On the date of filing, the Debtor had a vested interest in retirement funds properly claimed exempt under Illinois law. The exemption statute includes no

requirement that a debtor have expressed an affirmative intent to maintain the retirement funds until actual retirement in order for the exemption to apply. The Trustee's objection based on the Debtor's perceived intent to withdraw the funds—an intent she had not acted upon prior to filing—must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###